ALBERTO GOMEZ, JR., B-17000,

     Plaintiff,

       v.

KENNETH R. BRILEY, Warden, Stateville
Correctional Center, ROGER E. WALKER,
Director of Illinois Department of
Corrections, D. WARR, SANDRA
HAWKINS, A. DAVIS,

     Defendants.

No. 05 C 1133
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Alberto Gomez, who was incarcerated at the Stateville Correctional Center ("Stateville"), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging unconstitutional living conditions in violation of his Eighth Amendment rights, and retaliation because of his efforts to grieve the violation. Defendants Kenneth R. Briley, Roger E. Walker, Jr., and Sandra Hawkins filed a motion for summary judgment on July 22, 2005, which argues, among other things, that Plaintiff failed to exhaust his administrative remedies. A Local Rule 56.1 Statement of Facts and a Local Rule 56.2 warning for *pro se* plaintiffs regarding summary judgment were also submitted. Defendant D. Warr filed a dispositive motion on August 4, 2005 adopting the previously filed motion for summary judgment; and Defendant A. Davis filed a similar motion on August 10, 2005, also adopting the previously filed motion. Plaintiff Gomez filed his response to the motion for summary judgment on September 2, 2005, and Defendants have replied. For the reasons stated in this order, the motions for summary judgment are granted in part and denied in part.

***Standard of Review***

Rule 56(c) of the *Federal Rules of Civil Procedure* provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id*. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka & Santa Fe Ry.*, 16 F.3d 832, 836 (7th Cir. 1994); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669 (7th Cir. 1997).

A party moving for summary judgment carries the burden of showing the absence of any genuine issue of material fact in evidence of record. *Schroeder v. Barth, Inc.*, 969 F.2d 421, 423 (7th Cir. 1992). If the moving party carries this burden, the opposing party must then "go beyond the pleadings" and present specific facts which show that a genuine issue exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Scherer v. Rockwell Int'l Corp.*, 975 F.2d 356, 360 (7th Cir. 1992). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indem. Co.*, 115 F.3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F.3d 599, 601 (7th Cir. 1993). However, neither "the mere existence of some alleged factual

dispute between the parties," *Anderson*, 477 U.S. at 247, nor the demonstration of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will sufficiently demonstrate a genuine issue of material fact. In that regard, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

*Background*

For purposes of this motion for summary judgment, the allegations which can demonstrate a genuine issue of material fact mainly concern Plaintiff's completion of the administrative remedies provided by the Illinois Department of Corrections' ("IDOC") grievance procedure.[1] However, a short review of the incident which prompted Plaintiff's grievances is necessary.

On July 31, 2004, Defendant Sergeant Warr ("Warr") announced over the public address system that all inmates must wear shirts as they made their way to the showers because female correctional officers were present. Plaintiff did not hear the announcement because he was watching television with head phones. Plaintiff walked from his cell to the shower room without a shirt and was told to return to his cell. Back in his cell, Plaintiff argued with Warr about his right to take a weekly shower and how he was going to file a grievance. Shortly thereafter,

---

[1]Both parties contend that Plaintiff, his brother and other relatives wrote to officials at the IDOC and Stateville; however, because such letters and their responses are outside of the grievance procedure at Stateville, the letters have no relevance in a discussion of whether Plaintiff exhausted his administrative remedies. Plaintiff also makes many assertions about the conduct of Defendants Warr and Davis; however, claims against these Defendants are mentioned only briefly in a footnote to Defendants' motion for summary judgment and, as such, claims against Warr and Davis are not the subject of that motion.

Plaintiff told another officer that he needed a crisis team member because he was under stress, and Warr refused to call the crisis team.

When dinner trays came around, Plaintiff and his cellmate were removed from their cell, taken to another space, and strip searched. Their cell was searched, and Plaintiff's cellmate was returned to the cell. Plaintiff was left in the other space, handcuffed and standing. He was also not allowed to use a bathroom and told not to speak. Four hours later, Plaintiff was returned to his cell.

*Illinois Department of Corrections' Grievance Procedure*

The IDOC grievance procedure is as follows. Generally, an inmate attempts to resolve a grievance informally with a counselor. If this fails, then he must file a written grievance with the Grievance Officer. This officer may interview the inmate and investigate the grievance. The officer's report is then submitted to the Chief Administrative Officer ("CAO") of the prison. The CAO or his designee then makes a decision and submits it to the inmate. If the inmate is not satisfied with the decision, he can appeal in writing to the Director of the Department by submitting both the Grievance Officer's report and the CAO's decision with his appeal. The Administrative Review Board ("ARB") reviews the appeal and determines whether or not it can be handled without a hearing. If it cannot, the ARB schedules a hearing, which involves an interview of the inmate, examination of relevant documents and, if the ARB determines it is necessary, the testimony of witnesses. The ARB submits a written report to the Director who reviews the report and makes a final determination. A copy of the ARB report and the Director's final decision is sent to the inmate. 20 Ill. Admin. Code §504.800 *et seq.*; *see also* Defs.' Ex. Aff. of Terri Anderson ¶¶ 2-3.

*Defendants' Statement of Relevant Facts*

On December 13, 2004, Hawkins denied Plaintiff's grievance requesting that two correctional officers be fired for denying Plaintiff a shower and verbally abusing him. (Defs.' Ex. Aff. of Sandra Hawkins ¶3.) The grievance was then sent to the Warden's designee, reviewed and signed, and sent back to Plaintiff through the inmate mail. (*Id.* at ¶4.)

*Plaintiff's Allegations*

The following material facts, relevant to Plaintiff's exhaustion of IDOC grievance procedures, are culled from Plaintiff's response to the motion for summary judgment and are supported by Plaintiff's affidavit and the documents, including IDOC grievance forms, memos, and correspondence attached to the complaint.[2] On August 1, 2004, Plaintiff filed an IDOC Committed Person's Grievance ("Grievance") against Defendants Davis and Warr, describing the incident and asking that these Defendants be fired for their action. Counselor Bass received the grievance on August 13, and denied the grievance on August 17.[3]

An undated memo from Counselor Bass explains that Davis denied Plaintiff his shower because he did not comply with directions, and that Plaintiff's cell was shaken down because his razor blade had been altered. On August 23, 2004, the ARB issued a Return of Grievance or

---

[2]An undated memo to Plaintiff from Landria Dennis, Correctional Counselor II, submitted as a part of the Complaint, does not appear to pertain to the grievance filed on August 1, 2004. In his response to the motion for summary judgment, Plaintiff contends that Defendant Hawkins received his grievance on September 7, 2004 and answered it on December 13, 2004; however, this is not borne out by the other documents Plaintiff submitted with his complaint. *See Shank v. William R. Hague, Inc.*, 192 F.3d 675, 682 (7th Cir. 1999) (court must disregard on summary judgment self-serving statement without factual support in the record).

[3]These facts are also supported by an undated memo from Counselor Bass stating that he answered Gomez's grievance and forwarded it to the grievance officer.

Correspondence regarding the July 31 incident, which was received on August 12, 2004. Plaintiff was told that he had to submit his grievance and the response to grievance before he could appeal the response to grievance.

On January 18, 2005, Plaintiff's appeal to the ARB was returned; however, it was dated December 15, 2004. That same day Plaintiff wrote a letter to the ARB in which Plaintiff stated that the answer to his appeal was signed on December 15, 2004, but was not delivered to him until January 18, 2005. The letter was stamped "received" on January 21, 2005. An IDOC form entitled Return of Grievance or Correspondence from the ARB signed on January 26, 2005, states that Plaintiff's appeal was submitted outside of the appropriate time frame. According to the note on the form, "CAO signed 12-15-05; received here 1-21-05 over 30 days later as allowed. If grievance is delivered late have staff sign when delivered for verification."

**Discussion**

*Exhaustion of Administrative Remedies*

Under the Prison Litigation Reform Act ("PLRA"), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Massey v. Helman,* 259 F.3d 641, 646 (7th Cir. 2001); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). The Seventh Circuit has stated that, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Indeed, the purpose of the exhaustion requirement is to give corrections officials the opportunity to address

complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25. However, occasionally "administrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable.'" *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations omitted).

In this case, Plaintiff did not receive the denial of his grievance in a timely manner. By affidavit, Plaintiff demonstrates that the appeal, dated December 15, 2004, was not received until January 18, 2005. That same day Plaintiff wrote a letter to the ARB explaining the situation, but the ARB rejected his appeal as untimely. *Cf. Pozo*, 286 F.3d at 1025 (plaintiff waited one year before appealing the denial of a grievance). In *Lewis*, the Seventh Circuit held that prison officials' failure to respond to an inmate's grievances renders administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Lewis*, 300 F.3d at 833. Likewise, the appeal process in the present case was unavailable to the Plaintiff because of the untimely delivery of the denial of his grievance.

Defendants argue that Plaintiff never filed a grievance with the ARB in accordance with Department Rule 504F, regarding Briley's withholding Plaintiff's grievance. (Anderson Aff. ¶ 7.) Although Plaintiff undoubtedly could have grieved the denial of his ability to utilize the grievance process, Defendants have not shown that such a grievance was a necessary part of the exhaustion of administrative remedies as it pertained to the grievance filed on August 1, 2004.

"[F]ailure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (citations omitted). Defendants have not shown that Plaintiff failed to exhaust his available administrative remedies, and thus, Defendants are not entitled to summary judgment on this issue.

7

*Defendants Briley and Walker*

Defendants Warden Briley and Director of IDOC Walker also seek summary judgment because they did not personally participate in the constitutional deprivation Plaintiff alleges. In order to sustain a claim under §1983, the Plaintiff must demonstrate the personal participation of each defendant in the constitutional deprivation. Without such participation, claims against the defendants must be dismissed. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Neither Briley nor Walker were personally responsible for the July 31 incident or the grievance process in which Plaintiff engaged. Thus, the claims against these defendants are legally insufficient because the claims will not support a finding of personal participation in the constitutional deprivation necessary to support a claim under §1983. *See id.*

It could be inferred that Plaintiff is asserting claims against these defendants under the doctrine of *respondeat superior;* however, a prisoner in a §1983 case may not recover damages from a supervisory official under that theory. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Rather, in order to recover damages the plaintiff "must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry*, 65 F.3d at 561. He may recover damages from an official "if the conduct causing the constitutional violation occurs at [the official's] direction or with [his] knowledge and consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Put differently, the official is subject to liability if he knows about, approves, condones or turns a blind eye to the unconstitutional conduct. *Gentry*, 65 F.3d at 561. The key to recovery is the plaintiff's ability to establish a causal link between the conduct in question and the parties he wishes to hold liable. *Id*. This the Plaintiff has not done.

Plaintiff also asserts that he and his sister contacted Briley through written correspondence, and that Briley either refused to intervene or ignored their correspondence. Plaintiff's correspondence does not bring Briley into the zone of liability. That Briley was informed of the situation does not establish that he had personal responsibility for the complained of conduct or that it occurred at his direction. *See id.* To allow liability to be based upon "such a broad theory . . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a section 1983 action." *Crowder*, 687 F.2d at 1006. Defendants Warden Briley and Director of IDOC Walker have shown that they are entitled to judgment as a matter of law, and I grant their request for summary judgment on this issue.

### Defendant Hawkins

Defendant Hawkins does not offer a sufficient argument in support of her motion for summary judgment of the claims against her. Hawkins proffers an exhibit provided by Plaintiff in an effort to argue that Plaintiff pleaded himself out of court. However, Hawkins fails to demonstrate how the content of that exhibit, including its reference to a grievance received on November 3, 2004, bears upon the issue at hand: whether Plaintiff satisfied his obligations under the grievance procedure. As Defendant Hawkins fails to bear the burden of showing the absence of any genuine issue of material fact in the evidence of record, I deny her motion for summary judgment. *See Schroeder*, 969 F.2d at 423.

### Defendants Warr and Davis

In their respective motions for summary judgment, Defendants Warr and Davis adopt the "jurisdictional and substantive" arguments offered by the other Defendants in their motion and supporting memoranda. To the extent that Defendants Warr and Davis seek summary judgment

of Plaintiff's claims on the ground that Plaintiff failed to exhaust administrative remedies, that argument fails for the reasons noted above. Moreover, Defendants Warr and Davis fail to offer any evidence to demonstrate that no genuine issue of material fact exists with respect to the substantive claims made against them.[4] For these reasons, their motions for summary judgment are denied.

***Conclusion***

For these reasons, I grant in part and deny in part the Defendants' Motions for Summary Judgment. Defendants Briley, Walker, and Hawkins's motion for summary judgment is granted as it pertains to Briley and Walker, but denied as it pertains to Hawkins. Defendant Warr's and Defendant Davis's motions for summary judgement are denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 4, 2005

---

[4]Not a single fact contained within Defendants' Local Rule 56.1 Statement of Uncontested Facts addresses Defendant Warr or Defendant Davis.